UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROSA ABBATE,<br><br>            Plaintiff,<br>v.<br><br>NORTHLAND AEG, LLC,<br>NORTHLAND INVESTMENT CORP.,<br>and USA SECURITY SERVICES CORP.,<br><br>            Defendants. | 3:09-cv-1607 (CSH) |

## ORDER REGARDING INSUFFICIENCY OF JURISDICTIONAL ALLEGATIONS

HAIGHT, Senior District Judge:

In this action for personal injuries, plaintiff alleges diversity of citizenship under 28 U.S.C. § 1332.  The Court has examined *sua sponte* the sufficiency of the complaint's jurisdictional allegations.  A plaintiff invoking diversity jurisdiction must allege it adequately.  This complaint is inadequate.

As for plaintiff, the complaint alleges only that she is a "resident" of Briarcliff Manor, New York.  For purposes of the diversity statute, the citizenship of an individual is determined by domicile, not residence.  An allegation of residence alone is insufficient.  An individual may have several residences in several states of the Union, but only one legal domicile in one particular state.  If an individual maintains residences in more than one state, the state of domicile is determined by well established legal principles.

As for the three defendants, the first is an LLC (limited liability company).  The second and third are corporations. The citizenship of an LLC is determined by the state of its organization, the state of its principal place of business, and the citizenship (*e.g.*, state of

domicile) of each of the partners or participants. The citizenship of a corporation is that of its state of incorporation and its principal place of business. The allegations of citizenship in the present complaint are sufficient only with respect to USA Security Services Corporation.

Plaintiff is directed to file and serve an amended complaint not later than November 6, 2009, containing sufficient jurisdictional allegations with respect to herself and the other two named defendants. If, at the time of filing the complaint, plaintiff maintained a residence in more than one state, she must submit with her amended complaint a sworn affidavit setting forth the details relevant to a determination of domicile. If no such affidavit is submitted, the Court will construe plaintiff's silence on the point as a representation that New York is the state of her domicile because her only residence was in New York.

All proceedings in the case are STAYED pending the filing of an amended complaint in conformity with this Order.

It is SO ORDERED.

Dated: New Haven, Connecticut

October 13, 2009

                                               /s/ *Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge