UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| ROSA ABBATE, | |
|---|---|
| Plaintiff, | |
| v. | 3:09-cv-1607 (CSH) |
| NORTHLAND AEG, LLC, TIMOTHY FORMANSKI, PETER RICCITELLI, and THEODORE PUZYCKI, | |
| Defendants. | |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS**

HAIGHT, Senior District Judge:

Defendant Theodore Puzycki moves to dismiss Plaintiff Rosa Abbate's Third Amended Complaint for lack of personal jurisdiction.[1] [Doc. 80.] For the following reasons, this motion is DENIED.

**I.   BACKGROUND**

This lawsuit stems from injuries Abbate allegedly suffered at a Bruce Springsteen concert after another concert-goer fell on her. Because the pending motion to dismiss is based on a theory of defective service, it is necessary to reconstruct the timing of the complaints, amendments, and service.

---

[1] Puzycki also moved to dismiss former Apportionment Plaintiff Timothy Formanski's Apportionment Complaint. This motion is DENIED as moot because Formanski subsequently withdrew his Apportionment Complaint against Puzycki. [Docs. 87, 89.] Abbate's motion for oral argument regarding the motion to dismiss is also DENIED as moot. [Doc. 91.]

The concert was held on February 28, 2008, and Abbate filed her original complaint on October 5, 2009, alleging negligence by the original defendants. The original complaint named Northland AEG, LLC ("Northland"), Northland Investment Corporation, and USA Security Services Corporation as defendants.[2] Abbate amended her complaint to comply with the Court's order regarding jurisdictional sufficiency. In the amended complaint, Abbate claimed that she is a citizen of New York while Northland is a citizen of Delaware and California.[3]

On February 9, 2010, Northland filed an apportionment complaint against Timothy Formanski and Peter Riccitelli, alleging that one of them was the person who fell on and injured Abbate. Summons were issued for Fromanski and Riccitelli that same day, and they were served on February 18, 2010. Northland returned the executed summons on March 14, 2010.

Following this action, Abbate filed her Second Amended Complaint on February 19, 2010 adding both Formanski and Riccitelli as defendants to her original action. Summons were issued for Formanski and Riccitelli on March 3, 2010, and they were served by Abbate on March 8, 2010. Abbate returned the executed summons on March 25, 2010.

Formanski filed his own apportionment complaint against Puzycki on June 28, 2010, alleging that it was Puzycki who fell on and injured Abbate at the concert. An executed summons was returned by Formanski on July 13, 2010 showing that Puzycki was served on July 2, 2010. After Formanski's apportionment complaint, Northland filed a cross-claim against Puzycki seeking

---

[2] Abbate has subsequently withdrawn her claims against Northland Investment Corporation and USA Security Services Corporation so they are no longer parties to this action.

[3] In later filings, Northland identifies itself as a citizen of Delaware and Massachusetts.

apportionment and indemnification on July 15, 2010.[4] Abbate moved the Court for leave to amend her complaint yet again, for the purpose of adding Puzycki as an additional party defendant on July 23, 2010. That motion was unopposed. On August 16, 2010, the Court granted the motion and gave Abbate leave to file and serve a Third Amended Complaint. Abbate did not return a summons indicating that Puzycki was served a copy of the Third Amended Complaint. However, counsel for Puzycki had appeared in this action on July 19, 2010, before Abbate moved to amend her complaint to add Puzycki. Counsel did not oppose Abbate's motion to amend.

Puzycki filed the current motion to dismiss on October 1, 2010. The motion has been fully briefed. This Ruling decides it.

## II. DISCUSSION

Puzycki contests the Court's personal jurisdiction over him. As Puzycki is domiciled in Connecticut, proper service alone would ordinarily be sufficient for the Court to acquire personal jurisdiction over him. *See* 16 JAMES WM MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 108.52 (3d ed. 2006) ("MOORE'S FEDERAL PRACTICE"). However, in his motion to dismiss, Puzycki argues that the Court lacks personal jurisdiction over him because Abbate's Third Amended Complaint was "premised upon [Fromanski's] defective [a]pportionment [c]omplaint . . . ." Def. Mot. to Dismiss at 11. Abbate did not serve a summons upon Puzycki because he had already been served as an apportionment defendant by Formanski. If, according to Puzycki, Formanski's service was

---

[4] Puzycki does not seek to dismiss this cross-claim in the pending motion.

-3-

defective, then Puzycki is not (yet[5]) subject to the jurisdiction of the Court. Puzycki's logic is sound, but his premise is flawed. While the proper application of Connecticut's apportionment service law in federal court is not fully developed, the Court finds that Formanski's service was not defective under Connecticut law, and the Court has personal jurisdiction over Puzycki.

Connecticut law allows certain defendants to file a type of third-party complaint, called an "apportionment complaint," for the purpose of apportioning the liabilities of joint tortfeasors when not all of the tortfeasors are party to the original action. Connecticut law requires these complaints to be filed "within one hundred twenty days of the return date specified in the plaintiff's original complaint." CONN. GEN. STAT. § 52-102b(a). Proper service is mandatory and failure to properly serve an apportionment complaint is the basis for dismissal for lack of personal jurisdiction. *Lostritto v. Cmty. Action Agency of New Haven, Inc.*, 269 Conn. 10, 33 (Conn. 2004) (holding that the statutory requirement that a defendant serve any apportionment complaint within 120 days of the return date of the original complaint is mandatory and implicates a court's personal jurisdiction).

Following *Lostritto*, the Connecticut Supreme Court held that § 52-102b's 120-day limit to file apportionment complaints is subject to equitable exceptions. *Pedro v. Miller*, 281 Conn. 112, 118-19 (Conn. 2007). *Pedro* addressed whether a defendant could file an apportionment complaint against a potential apportionment defendant after the 120-day limit when the "legal basis for apportioning liability arose only after the 120 day limit." *Id.* at 118. The Connecticut Supreme Court held that "[s]uch a circumstance presents a compelling equitable reason for excusing compliance with the limit . . . ." *Id.* at 119.

---

[5] The Court notes that if Formanski's service had been defective, Abbate could seek to serve Puzycki herself under the "good cause" exception to the 120 day service rule in FED. R. CIV. P. 4(m).

Subsequent to the Supreme Court's decision in *Pedro*, two Connecticut Superior Court cases have arisen where, as in the case at bar, an apportionment complaint was filed after the 120-day limit by a party who itself was not an original defendant.[6] In *Maggio v. Aames Funding Corp.*, Horizon Management Services, Inc. ("Horizon") became a party defendant fourteen months after the original complaint was filed. 2008 Conn. Super. LEXIS 900, at *1-2 (Conn. Super. Ct. 2008). In turn, Horizon filed an apportionment complaint against three entities within 120 days from the return date of the plaintiff's amended complaint naming Horizon as a defendant for the first time. *Id.* The apportionment defendants moved to dismiss Horizon's apportionment complaint, arguing that it was not filed within 120 days of the original complaint. *Id.* at *4. Relying on the equitable principles of *Pedro*, the Superior Court denied the apportionment defendants' motions to dismiss. The Superior Court noted that "[u]ntil it was made a party to the suit, Horizon had no reason to contemplate, nor standing to seek, apportionment of liability." *Id.* at *8. The impossibility of Horizon complying with the 120 day limit from the original complaint excused compliance. *Id.* at *9.

The second Superior Court case, *Kruger v. Q Sono, LLC*, resembles the current matter even more closely. 2009 Conn. Super. LEXIS 789 (Conn. Super. Ct. 2009). The defendant Q Sono, LLC filed an apportionment complaint against Washington Mutual Bank. Washington Mutual Bank ten filed an apportionment complaint against Varsity Contractors, Inc. ("Varsity"), and Varsity thereafter filed an apportionment complaint against Charter Oak Building Maintenance, Inc. ("Charter Oak"). *Id.* at *1. Charter Oak moved to dismiss Varsity's apportionment complaint, arguing that it did not

---

[6] The cases Puzycki cites in his brief preceded *Pedro*'s articulation of equitable exceptions to the 120-day limit and are accordingly no longer apposite.

comply with the filing deadline in § 52-102b. Following *Pedro* and citing *Maggio*, the Superior Court held that "to enforce the 120-day limitation against Varsity would be highly inequitable and compliance therewith may be excused." *Id.* at *3.

The Connecticut Supreme Court in *Pedro* and the two Superior Courts that have followed clearly identify an equitable exception to § 52-102b's 120 day limit for parties who at the time of the original complaint had neither notice of assertions they were liable for the underlying incident, nor a legal basis for apportioning such liability as might exist. This exception clearly applies to Formanski's apportionment complaint against Puzycki because Formanski had no notice of the suit until Northland filed its apportionment complaint against him.

If Puzycki's only argument was that Formanski's apportionment complaint was not filed within 120 days of the original complaint, the above cases would easily resolve the motion in Abbate's favor. However, Puzycki presents a further issue, arguing that Formanski's apportionment complaint did not comply with the 120-day limit from Northland's apportionment complaint. Puzycki notes that Northland's apportionment complaint was filed on February 9, 2010, and Formanski did not serve Puzycki with his apportionment complaint until July 2, 2010, 143 days after Northland's apportionment complaint was filed.

To decide this issue, the Court must identify which complaint, Northland's apportionment complaint or Abbate's Second Amended Complaint, triggered Formanski's potential liability and consequent occasion for contemplating apportionment of liability. The logic of *Pedro*'s equitable exception is that a person should not be held responsible for meeting deadlines in a pending court case in which they are not yet a party. To state the proposition is to demonstrate its service to equity. By the same logic, once a person is made a party to the lawsuit, they are then responsible for abiding by

the requirements of the suit, including filing any appropriate apportionment complaints within the 120-day deadline of § 52-102b. These considerations lead the Court to conclude that it was Northland's apportionment complaint, not Abbate's Second Amended Complaint, that first gave Fromanski notice of his potential liability for Abbate's fall, and the resulting advisability of filing an apportionment complaint to protect his own interests.

Section 52-102b states a apportionment complaint "shall be served within one hundred twenty days of the return date." CONN. GEN. STAT. § 52-102b(a). In Connecticut civil practice, the "return date" is selected by the plaintiff and identified on the summons served on the defendant. The return date is the basis for a number of procedural deadlines. Service of process on the defendant must be made twelve days prior to the return date, *id.* at § 52-46, and returned to the Superior Court six days prior to the return date. *Id.* at § 52-46a. The return date commences the advancement of pleadings in state court. Connecticut Practice Book § 8-10 ("[P]leadings, including motions and requests addressed to the pleadings, shall first advance within thirty days from the return day."). It is also sets the date by which the defendant must appear or risk a default judgment. *Id.* at § 17-20 (noting that a party may move for a default if the other party has not appeared on or before the second day after the return date).

There is no analogue in federal practice to the return date, and yet the Court must identify a federal procedural date in order to calculate the 120-day limit to serve Puzycki. Puzycki asserts without citation to authority argument that the filing date of Northland's apportionment complaint should trigger Formanski's 120-day limit. Abbate argues in equally conclusory fashion that the Court

should use the date of service.[7] However, the Court does not regard either the filing or service date as the most analogous to Connecticut's return date. Instead, the Court believes that the date that summons is returned to the District Court is the appropriate federal date to use in calculating the 120-day limit.

The parties have not cited nor has the Court found any precedent for determining the federal analogue to Connecticut's return date. The Court believes that the date the summons is actually returned to the District Court is most appropriate because it occurs after service is made and is under the control of the plaintiff, both features that mirror Connecticut practice. While the date of return of the summons to the District Court is not mandated by any federal stature, rule, or case law, no authority points to a different or more appropriate date to use for the purpose. The "return date" selected herein best serves the interests of justice, as any equitable exception should.

In applying this formulation to the case at bar, we note that Northland returned its executed summons proving service on Formanski on March 14, 2010, 110 days before Formanski served Puzycki. Thus, Formanski's service of Puzycki did not violate the 120-day limit of § 52-102b, and this Court may properly exercise personal jurisdiction over Puzycki.[8]

---

[7] Abbate make this argument in the context of arguing that it was her Second Amended Complaint that triggered the time limit, not Northland's apportionment complaint.

[8] The Court emphasizes that while it could have selected **a** different triggering date that would have resulted in the conclusion that Formanski's service on Puzycki was time-barred (*e.g.*, if the date that Northland actually served Formanski was chosen, the July 2, 2010 service would have been over the 120-day limit), such a choice would not have led the court to grant the motion to dismiss. Instead, the Court could have exercised its authority according in FED. R. CIV. P. 4(m) to allow Abbate to serve Puzycki herself.

## III.  CONCLUSION

For the foregoing reasons, Defendant Puzycki's Motion to Dismiss Plaintiff Abbate's Third Amended Complaint is DENIED.  Defendant Puzycki's Motion to Dismiss Apportionment Plaintiff Formanski's Apportionment Complaint and Plaintiff Abbate's Motion for Hearing are DENIED as moot.

It is SO ORDERED.


Dated: New Haven, Connecticut
       May 31, 2011

                                              */s/ Charles S. Haight, Jr.*
                                              Charles S. Haight, Jr.
                                              Senior United States District Judge